J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole L. Drey (SBN 250235)
nicole@coombspc.com
J. Andrew Coombs, A P. C.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff
Adobe Systems Incorporated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA (SAN JOSE)

| | |
|---|---|
| Adobe Systems Incorporated, | ) Case No. C08-2435 RMW |
| Plaintiff, | ) NOTICE AND MOTION FOR ENTRY OF |
| v. | ) DEFAULT JUDGMENT; |
| | ) DECLARATIONS AND EXHIBITS IN |
| Christopher Cain, an individual and d/b/a | ) SUPPORT |
| www.ascendancygroup.com, et al., | ) |
| | ) Court: Hon. Ronald M. Whyte |
| Defendants. | ) Date: October 17, 2008 |
| | ) Time: 9:00 a.m. |

TO THE COURT AND TO DEFENDANTS:

PLEASE TAKE NOTICE that on October 17, 2008, at 9:00 a.m., or as soon thereafter as the matter may be heard in the Courtroom of the Hon. Ronald M. Whyte, United States District Judge, located at Courtroom 6, 4th Floor of the United States District Courthouse, 280 South 1st Street, San Jose, California 95113, Plaintiff Adobe Systems Incorporated ("Adobe" or "Plaintiff") will, and hereby does, move the Court for entry of default judgment against Defendant Christopher Cain, an individual and d/b/a www.ascendancygroup.com ("Defendant"), for statutory damages in the sum total of Two Hundred Fifty Thousand Dollars ($250,000.00) and post-judgment interest calculated pursuant to 28 U.S.C. § 1961(a). Plaintiff also seeks entry of a permanent injunction prohibiting Defendant from further infringement of Plaintiff's copyrights and trademarks.

By this Notice of Motion and Motion for Default Judgment, the Memorandum of Points and Authorities attached thereto, and the Declarations of Christopher D. Johnson, Chris Stickle, and Nicole L. Drey, and exhibits attached thereto, Plaintiff requests that a default judgment be entered based on the following points:

1. Defendant is not an infant or incompetent person, or in the military service or otherwise exempted under the Soldier's and Sailor's Civil Relief Act of 1940;

2. Defendant has not appeared in the action;

3. Although Plaintiff is not required to give notice due to Defendant's failure to appear, pursuant to Federal Rule of Civil Procedure 55(b)(2), this Notice and Motion for Default Judgment, along with all supporting papers is being served on Defendant on September 11, 2008, by placing true and correct copies thereof in sealed envelopes addressed to Defendant at the same address where service of process was completed.

4. Plaintiff elects statutory damages under the Lanham Act.

5. Plaintiff is entitled to judgment against Defendant based on violation of 15 U.S.C. §§ 1051 *et seq.*

6. The principal amount of the judgment sought as against Defendant is statutory damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), as set forth in the accompanying Memorandum of Points and Authorities, supporting declarations and exhibits, and as authorized by 15 U.S.C. §§ 1116-1117. Plaintiff also seeks post-judgment interest calculated at the statutory rate pursuant to 28 U.S.C. § 1961(a), and entry of a permanent injunction prohibiting Defendant from further infringing any of Plaintiff's trademarks or copyrights.

7. This motion is based on this Notice of Motion, Motion for Entry of Default Judgment and accompanying Memorandum of Points and Authorities, the Declarations, and exhibits attached thereto, the exhibits and evidence to be presented at the hearing hereon, the pleadings, records and papers on file herein and such other matters and evidence as may be presented at or before the hearing.

DATED: September 11, 2008      J. Andrew Coombs, A Professional Corp.

By: _Nicole L Drey_
      J. Andrew Coombs
      Nicole L. Drey
      Attorneys for Plaintiff Adobe Systems Incorporated

**TABLE OF CONTENTS**

**INTRODUCTION AND STATEMENT OF FACTS** 1

A.   Plaintiff Adobe Systems Incorporated 1

B.   Defendant's Infringing Activities 3

C.   This Action 3

**ARGUMENT** 4

A.   Default Judgment Is Properly Entered Against Defendant 4
     1.   Plaintiff's Complaint Sufficiently Charges Defendant With Trademark
          Counterfeiting 4
     2.   All of the Other Eitel Factors Have Been Met 7

B.   Plaintiff Has Met the Procedural Requirements for Entry of a Default Judgment 9

C.   Plaintiff Is Entitled to a Permanent Injunction 9

D.   Plaintiff Is Entitled to Statutory Damages of $250,000.00 Based on
     Defendant's Willful Infringement of Its Trademarks 10
     1.   Defendant's Conduct Was Willful 10
     2.   Defendant Willfully Infringed Upon Adobe's Trademarks 10
     3.   Plaintiff Is Entitled to $50,000.00 For Each of Five Trademarks
          Based on Defendant's Willful Counterfeiting of Its Trademarks 11

E.   Plaintiff Is Entitled to Interest on the Judgment 13

**CONCLUSION** 13

Declaration of Christopher D. Johnson 14

Declaration of Chris Stickle 16

Declaration of Nicole L. Drey 18

# **TABLE OF AUTHORITIES**

**CASES**

Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc.,
944 F.2d 1446, 1454-55 (9th Cir. 1991)……………………………….…......................5

AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-54 (9th Cir. 1979)………………….…5, 7

Carte Blanche (Singapore) Pte. v. Carte Blanche International,
888 F.2d 260, 269 (2nd Cir. 1989)…………………………………………….…13

Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)………………………..……4

Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986) ..........................................4, 7-9

Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) ...........................5

Kloepping v. Fireman's Fund,
1996 U.S. Dist. LEXIS 1786 (N.D. Cal. 1996) ..............................................4, 9

Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir. 1985)……...……………5

Lindy Pen Co. v. Bic Pen Co., 982 F.2d 1400, 1406 (9th Cir. 1993)………………………....11

M2 Software, Inc. v. Madacy Entm't, 421 F.3d 1073, 1085 (9th Cir. 2005)…………………6-7

Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314 (1950) .......................................8

Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank,
515 F.2d 1200, 1206 (5th Cir. 1975) .........................................................5

State of Idaho Potato Commission v. G &T Terminal Packaging, Inc.,
425 F.3d 708, 721 (9th Cir 2005)……………………………………………….........12

TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) .................................. 1, 8

Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769  (1992)…………………………….5

United States v. $250,000.00 in United States Currency,
1997 U.S. App. LEXIS 33174, at *5 (November 17, 1997)…………………....…………10

Vigil v. Walt Disney Co., 1995 U.S. Dist. LEXIS 15560 (N.D. Cal. Oct. 16, 1995)…….....……5

Wilson v. Moore & Assocs., Inc., 564 F.2d 366 (9th Cir. 1977)…………………………...10

**STATUTES**

15 U.S.C. § 1051. ……………………………………………………………..ii, 4, 5

15 U.S.C. § 1114 ………………………………………………………………..5

15 U.S.C. § 1115(a)…………………………………………………………........5

15 U.S.C. § 1116(d) ……………………………………………..……...…ii, 12

15 U.S.C. § 1117(a)-(c)…………………………………..…..………….ii, 1, 8, 10, 12

28 U.S.C. § 1961(a)…………………………………….…..…………….i-ii, 13

Fed. R. Civ. P. 8(b)(6) ……………………………………………….. 5, 8

Fed. R. Civ. P. 54(c) ……………………………………………….. 9

Fed. R. Civ. P. 55(a)-(c) ……………………………………………..ii, 9-10

## INTRODUCTION AND STATEMENT OF FACTS

Defendant Christopher Cain, an individual and d/b/a www.ascendancygroup.com ("Defendant"), is involved in the manufacture, import, distribution and sale of illegitimate goods, including, but not limited to, computer software, infringing the copyrights and trademarks of Plaintiff Adobe Systems Incorporated ("Adobe" or "Plaintiff"). In flagrant disregard for the procedures of this Court, Defendant has failed to appear in response to valid and effective service of process upon him.

Defendant's default has deprived Plaintiff of the ability to prove up a specific amount of actual damages. Accordingly, Plaintiff relies on the statutory damages provisions contained in the Lanham Act for trademark counterfeiting. Although Defendant's conduct is such as to warrant imposition of damages for willful counterfeiting (of up to $1,000,000 per trademark counterfeited), Plaintiff limits its request to $50,000.00 for each of just five trademarks which it has attached additional evidence of infringement, Declaration of Christopher D. Johnson ("Johnson Decl.") at ¶¶ 3-6; Declaration of Chris Stickle ("Stickle Decl.") at ¶¶ 3-4.

Now, Plaintiff seeks judgment, including an award of statutory damages in the amount of $250,000.00 pursuant to Section 1117(c) of the Lanham Act, post-judgment interest, and entry of a permanent injunction prohibiting Defendant and his representatives from further infringement of Plaintiff's copyrights and trademarks.

### A.    Plaintiff Adobe Systems Incorporated

Adobe is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in San Jose, California.[1] Complaint ("Compl.") at ¶ 7. Adobe is a global leader in developing and distributing innovative computer software. Id. at ¶ 2. Its products and services offer developers and enterprises tools for creating, managing, delivering and engaging with compelling content across multiple operating systems, devices and media. Id. The software industry is competitive, and Adobe undertakes great expense and risk in conceiving, developing, testing, manufacturing, marketing, and delivering its software products to consumers. Id. Software piracy, including piracy on eBay, undermines Adobe's investment and creativity, and misleads and confuses consumers. Id.

---

[1] As a result of Defendant's default, the allegations of the Complaint are deemed admitted. TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987) (factual allegations of the Complaint, except those relating to the amount of damages are taken as true). *See also* the supporting declarations of Christopher D. Johnson and Chris Stickle.

The Adobe Software is copyrightable subject matter, and Adobe owns exclusive rights under the Copyright Act to reproduce and distribute to the public copies of the Adobe Software in the United States including but not limited to such titles as Adobe *Acrobat*, *Creative Suite*, *Dreamweaver*, *Flash*, *Illustrator*, *PageMaker*, *Photoshop*, and *Shockwave*. Id. at ¶ 8. A non-exhaustive list of Adobe's copyright registrations is attached to the Complaint as Exhibit A ("Adobe's Copyrights").

Products manufactured and sold by Adobe also bear Adobe's trademarks, including without limitation, the ADOBE, ACROBAT, CREATIVE SUITE, DREAMWEAVER, FLASH, ILLUSTRATOR, MACROMEDIA, PAGEMAKER, PHOTOSHOP, POSTSCRIPT, READER and SHOCKWAVE trademarks (collectively "Adobe's Trademarks"). Compl. at ¶ 9. Adobe uses Adobe's Trademarks on computer software as indicia of Adobe's high quality products. Id. Each year Adobe expends significant resources to develop and maintain the considerable goodwill it enjoys in Adobe's Trademarks and in its reputation for high quality. Id.

All products described in the Complaint are sold with one or more of the Adobe Trademarks which are all valid, extant and in full force and effect. Adobe's Trademarks are exclusively owned by Adobe. Id. Adobe is the successor-in-interest to and exclusive owner in the United States of all copyrights, trademarks, trade dress and other proprietary in and to Adobe's Software including the following:

| Trademark | Registration Number | Date of Registration |
|-----------|---------------------|----------------------|
| A | 3032288 | 12/20/2005 |
| A | 2081343 | 07/22/1997 |
| A | 1998710 | 07/23/1996 |
| A ADOBE | 1901149 | 06/20/1995 |
| ADOBE | 3029061 | 12/13/2005 |
| ADOBE | 1988712 | 07/23/1996 |
| ADOBE | 1956216 | 02/13/1996 |
| ADOBE | 1475793 | 02/09/1988 |
| ADOBE | 1486895 | 05/03/1988 |
| ADOBE PHOTOSHOP | 1651380 | 07/23/1991 |
| CREATIVE SUITE | 3111341 | 07/04/2006 |
| PHOTOSHOP | 2920764 | 01/25/2005 |

| PHOTOSHOP | 1850242 | 08/16/1994 |
|-----------|---------|------------|

Adobe's Trademarks are incontestable as Adobe, or its predecessors in interest, has continuously used each of Adobe's Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint. Id. at ¶ 10. As a result of advertising and sales, together with longstanding consumer acceptance, Adobe's Trademarks identify Adobe's products and authorized commercial distribution of these products. Id. at ¶ 11. Adobe's Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world. Id. Adobe's Copyrights and Adobe's Trademarks are collectively referred to herein as the "Adobe Properties".

**B.      Defendant's Infringing Activities**

Defendant Christopher Cain is an individual and doing business as www.ascendancygroup.com. Compl. at ¶ 12. Cain is a resident of Staten Island, New York. Id. Defendant sold counterfeit copies of Adobe Software ("Unauthorized Software Product"). Id. at ¶¶ 15-16; Johnson Decl. at ¶¶ 3-6; Stickle Decl. at ¶ 4. Defendant, through his online identities, does business in California through sales and distribution of the Unauthorized Software Product in the State of California. Compl. at ¶ 12.

Adobe has not licensed Defendant to distribute its software, period. Compl. at ¶ 15. Instead, Defendant uses images confusingly similar or identical to Adobe's Trademarks to confuse consumers and aid in the promotion of their unauthorized products. Id. at ¶ 16. Defendant's use of Adobe's Trademarks includes importing, advertising, displaying, distributing, selling and/or offering to sell unauthorized copies of the Adobe Software. Id. Defendant's use began long after Adobe's adoption and use of Adobe's Trademarks, and after Adobe obtained its copyright and trademark registrations. Id. Neither Adobe nor any of its authorized agents have consented to Defendant's use of the Adobe Trademarks. Id.

Defendant's actions have confused and deceived the consuming public concerning the source and sponsorship of the unauthorized copies of the Adobe Software offered, sold and distributed by Defendant. Compl. at ¶ 18. By his wrongful conduct, Defendant has traded upon and diminished Adobe's goodwill. Id. Unless enjoined by this Court, Defendant will continue such unauthorized uses. Id. at ¶¶ 22, 28.

/ / /

/ / /

/ / /

C.      **This Action**

Plaintiff filed its Complaint on or about May 12, 2008. Plaintiff's Complaint alleges violation of 17 U.S.C. § 101, *et seq.* (copyright infringement) and violation of 15 U.S.C. § 1051, *et seq.* (trademark infringement).

Defendant was served with Summons and Complaint on or about June 5, 2008. Declaration of Nicole L. Drey ("Drey Decl.") at ¶ 2. The Clerk entered Defendant's default on August 6, 2008. Id. at ¶ 5. Despite Plaintiff's follow up efforts, Defendant has not filed a responsive pleading or otherwise appeared in this action. Id. at ¶ 4.

## ARGUMENT

A.      **Default Judgment Is Properly Entered Against Defendant**

In Eitel v. McCool, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit outlined the following factors to determine whether to grant default judgment:

(1) the substantive merits of plaintiff's complaint;

(2) the complaint's sufficiency;

(3) the amount of money at stake;

(4) the possibility of prejudice to plaintiff if relief is denied;

(5) the possibility of dispute as to any material facts;

(6) whether default resulted from excusable neglect; and

(7) the policy of the Federal Rules favoring decisions on the merits.

Id. at 1470-72.

Plaintiff meets each element.

1.      **Plaintiff's Complaint Sufficiently Charges Defendant with Trademark Counterfeiting**

The first two Eitel factors, involving the substantive merits of the claim and the sufficiency of the complaint, require that Plaintiff's allegations "state a claim upon which [it] may recover." Kloepping v. Fireman's Fund, 1996 U.S. Dist. LEXIS 1786 at *5 (N.D. Cal. 1996), *citing* Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). Upon a defendant's default, the factual allegations of the complaint, other than those relating to the amount of damages sustained, are deemed

admitted. Fed. R. Civ. P. 8(b)(6); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Nishimatsu Construction Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

The complaint sufficiently pleads Plaintiff's claim for trademark counterfeiting pursuant to 15 U.S.C. §§ 1051, *et seq.* Plaintiff owns registered trademarks, and the Defendant distributed software bearing identical copies of its trademarks, all without Plaintiff's authorization. Compl. at ¶¶ 24-29; Johnson Decl. at ¶¶ 3-6, Exs. A-D; Stickle Decl. at ¶ 4. Defendant did so intentionally and his product was likely to cause confusion or mistake to the public regarding the affiliation, sponsorship, endorsement or approval of the unauthorized product. Compl. at ¶¶ 25-26. These allegations state claims for trademark counterfeiting upon which Plaintiff may recover.

To succeed on a claim under the Lanham Act, a plaintiff must establish that its mark is valid and has been infringed. 15 U.S.C. § 1114. Registration of a mark on the principal register is "prima facie evidence… of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce…" 15 U.S.C. § 1115(a); Vigil v. Walt Disney Co., 1995 U.S. Dist. LEXIS 15560, at *5 (N.D. Cal. Oct. 16, 1995); Levi Strauss & Co. v. Blue Bell, Inc., 778 F.2d 1352, 1354 (9th Cir. 1985) (registration by the trademark holder constitutes *prima facie* evidence of a protected interest with respect to the good specified in the registration). Relevant registrations and their present validity and effectiveness are alleged in the Complaint and herein. Compl. at ¶¶ 9-11; Stickle Decl. at ¶ 3, Ex. E; Drey Decl. at ¶ 8.

The test for infringement of a federally registered trademark under the Trademark Act of 1946 ("Lanham Act") is whether the alleged infringing act creates a likelihood of confusion. Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992); Academy of Motion Picture Arts & Sciences v. Creative House Promotions, Inc., 944 F.2d 1446, 1454-55 (9th Cir. 1991). In determining likelihood of confusion, the Ninth Circuit has adopted the Sleekcraft test, balancing the following factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and degree of care consumers are likely to exercise in purchasing them; (7) intent of the defendant in selecting

the mark; and (8) likelihood that the parties will expand their product lines. <u>AMF, Inc. v.</u> <u>Sleekcraft Boats</u>, 599 F.2d 341, 348-54 (9th Cir. 1979). In addition, when the alleged infringer knowingly adopts a mark similar to another's, some courts presume that the public will be deceived. <u>M2 Software, Inc. v. Madacy Entm't</u>, 421 F.3d 1073, 1085 (9th Cir. 2005). These factors all demonstrate Defendant's infringement of Adobe's Trademarks:

      1.   <u>Strength of the Trademark</u>: Plaintiff's trademarks are exceptionally strong as they identify Plaintiff's high quality products such that they have acquired secondary and distinctive meaning in the minds of consumers throughout the world as a direct result of Plaintiff's longstanding use, sales, advertising and marketing. Compl. at ¶¶ 9-11.

      2.   <u>Proximity of goods</u>: The likelihood of confusion is heightened where as here, the goods at issue are "related or complementary." <u>M2 Software, Inc.</u>, 421 F.3d at 1082. Plaintiff has alleged that it lawfully advertises and sells products, including computer software and related merchandise, and that Defendant has, with actual and constructive notice of Plaintiff's federal registration rights, and long after Plaintiff established its rights in Adobe's Trademarks, adopted and used Adobe's Trademarks in conjunction with the manufacture, purchase, distribution, offer of sale and sale of computer software in the State of California and in interstate commerce. Compl. at ¶¶ 1-30. Defendant's products include computer software – a class of goods for which Plaintiff has numerous trademark registrations.

      3.   <u>Similarity of the Marks</u>: Defendant has sought to capitalize on Plaintiff's strong marks by copying them with no variation from their authorized versions with the intent to palm off such goods as those of Plaintiff. Defendant has caused to be imported, distributed, offered for sale and sold computer software bearing one or more of Adobe's Trademarks without authorization. Compl. at ¶¶ 15, 25.

      4.   <u>Evidence of Actual Confusion</u>: Purchases made by third-parties of Defendant's unauthorized, counterfeit product evidences actual confusion as to their source and origin. Johnson Decl. at ¶¶ 3-6.

5.    <u>Marketing Channels Used</u>:  Defendant used the Internet to sell his infringing goods as "nachuri1."  Compl. at ¶ 12.  Plaintiff uses the Internet as a channel through which to market legitimate product – through company owned sites such as adobe.com and third party retailers, a matter of which the Court can, if necessary, take judicial notice.  Plaintiff also has an online commercial presence, resulting in significant overlap in advertising markets, which increases the likelihood of confusion.  <u>M2 Software, Inc.</u>, 421 F.3d at 1083.

6.    <u>Type of Goods and Care Likely to be Exercised by the Purchaser</u>:  Defendant has duplicated Plaintiff's products so that consumers, especially those shopping online, cannot differentiate between illegal and legitimate products at the point of purchase and tend to believe that Defendant's computer software and related merchandise are authorized, sponsored, approved or associated with Plaintiff.  Compl. at ¶ 25.  Modern consumers, who are aware of the sensitivity of quality computer software look to Plaintiff's marks for assurance of Plaintiff's developed and maintained goodwill and reputation for high quality products.  <u>Id.</u> at ¶ 9.

7.    <u>Defendant's Intent in Selecting the Mark</u>:  Defendant's intention to confuse the public is self-evident.  When a person knowingly adopts a mark identical to another's mark, the Court may infer that person's intent to confuse.  <u>M2 Software</u>, 421 F.3d at 1085 (willful use creates a presumption of public deception).

8.    <u>Likelihood of Expansion of Product Lines</u>:  Plaintiff is already using its trademarks in the class of goods and services exploited by Defendant.  Furthermore, Defendant's intention to expand its product line is irrelevant as Defendant is operating an illegitimate business practice whose existing product line consists of counterfeit goods.

Thus, Plaintiff is a valid trademark holder and has sufficiently alleged in its pleadings a likelihood of confusion under the <u>Sleekcraft</u> factors for its trademark infringement claim.

## 2.    **All of the Other <u>Eitel</u> Factors Have Been Met**

a.    <u>Amount at Stake</u>:  Under the third <u>Eitel</u> factor, the Court must consider the amount of money at stake.  <u>Eitel</u>, 782 F.2d at 1471-72.  In the Complaint, Plaintiff prays for injunctive relief, statutory damages of up to One Million Dollars ($1,000,000) for each trademark infringed

upon by the Defendant if Defendant's acts are found to be willful, and attorneys' fees. Compl. ¶¶ 6-8; Prayer. By this motion, Plaintiff seeks permanent injunctive relief, $250,000.00 in statutory damages as provided for in 15 U.S.C. § 1117 (c), and post-judgment interest.

b.    Possibility of Prejudice: The fourth Eitel factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. Eitel, 782 F.2d at 1471-72. In light of the fact that Defendant declined to appear in response to proper service and his default was entered, thereby admitting the averments of the Complaint, Plaintiff will likely suffer prejudice if default judgment is not entered because Plaintiff will be without further options of recourse against Defendant.

c.    Possibility of Dispute: The fifth Eitel factor requires the Court to consider the possibility of dispute as to any material facts in the case. Again, upon entry of default, all well-pleaded facts in the complaint are taken as true except those relating to damages. *See* TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); Fed. R. Civ. P. 8(b)(6). Here, Plaintiff filed a well-pled Complaint alleging the facts necessary to establish all of its claims. As Plaintiff's factual allegations are presumed true, no genuine dispute exists as to any material facts.

d.    Possibility of Excusable Neglect: Under the sixth Eitel factor, the Court considers the possibility that Defendant's default resulted from excusable neglect. Due process requires that interested parties be given notice of the pendency of the action and be afforded an opportunity to present its objections before a final judgment is rendered. Mullane v. Central Hanover Trust Co., 339 U.S. 306, 314 (1950). Defendant was served the Summons and Complaint and contacted Plaintiff but defaulted. Drey Decl. at ¶¶ 2, 4. Defendant had ample time to try to resolve this matter but elected not to appear. Id. at ¶¶ 2-5. Defendant's voluntary decision to allow default to be entered contradicts any argument for excusable neglect.

The facts of this case are dissimilar from those in Eitel, in which the defendant's failure to answer constituted excusable neglect because the defendant believed the litigation was over, due to a final settlement agreement that subsequently dissolved. The defendant in Eitel, soon thereafter, filed an answer and counterclaim, even though it was beyond the 20-day period. Eitel, 782 F.2d at

1472. The Defendant in the present case has failed to act despite all opportunity to do so, with full knowledge that a lawsuit was filed against him and that it was his responsibility to respond.

      e.    Policy for Deciding on the Merits:  The seventh <u>Eitel</u> factor takes into account the preference of the Federal Rules for deciding cases on the merits.  <u>Eitel</u>, 728 F.2d at 1472.  However, "this preference, standing alone, is not dispositive."  <u>Kloepping v. Fireman's Fund,</u> <u>supra,</u> 1996 U.S. Dist. LEXIS 1786 at *10.  "While the Federal Rules favor decisions on the merits, they also allow for the termination of cases before the court can reach the merits….[t]hus, the preference to decide cases on the merits does not preclude a court from granting "default judgment."  <u>Id</u>.  Under Fed. R. Civ. P. 55(a), default judgments are allowed.  Here, Defendant failed to answer Plaintiff's Complaint or to otherwise appear in the action.  Allowing Defendant, who failed to defend this action, to proceed to trial would greatly prejudice Plaintiff.  Judgment against Defendant is proper at this time.

    **B.**    **Plaintiff Has Met The Procedural Requirements for Entry of a Default**
          **Judgment**

      Federal Rule of Civil Procedure 55(b) provides for a court-ordered default judgment following entry of default by the court clerk under Rule 55(a).  <u>Kloepping v. Fireman's Fund,</u> <u>supra,</u> 1996 U.S. Dist. LEXIS 1786 at *3-4.  Applications for default judgment generally require the moving party state:  (1) when and against which party default was entered; (2) the identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person, and if so, whether that person is adequately represented; (4) that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice of the application has been served on the defaulting party, if required.  All of these requirements have been met, as set forth in Plaintiff's Notice of Motion for Default Judgment.

      Plaintiff has complied with Fed. R. Civ. P. 54(c) and 55(a).  In the pending action, Plaintiff served Defendant on or about June 5, 2008, and the Clerk entered Defendant's default on or about August 6, 2008.  Further, Defendant is not an infant, incompetent person, in the military, or otherwise exempt under the Soldiers' and Sailors' Civil Relief Act of 1940.  Plaintiff does not

request relief that differs from or exceeds that prayed for in the Complaint. Finally, Plaintiff is not required to give notice of this application due to Defendant's failure to appear. *See* Fed. R. Civ. P. 55(b)(2); *see also United States v. $250,000.00 in United States Currency*, 1997 U.S. App. LEXIS 33174, at *2 (November 17, 1997) ("notice prior to entry of default judgment is only required where the defaulting party has appeared in the action"); *Wilson v. Moore & Assocs., Inc.*, 564 F.2d 366, 368-369 (9th Cir. 1977). Regardless, Plaintiff has served a copy of this notice and motion, along with all supporting papers, on Defendant on September 11, 2008, by placing true and correct copies thereof in sealed envelopes addressed to Defendant at the same address where service of process was completed.

## C. **Plaintiff Is Entitled to a Permanent Injunction**

Plaintiff has alleged in its Complaint, and has presented specific evidence, that Defendant has infringed its copyrights and trademarks by, *inter alia*, willfully and knowingly manufacturing, distributing, offering for sale and/or selling unauthorized product featuring the Adobe Properties. The Complaint further alleges that unless enjoined, said infringements will continue with irreparable harm and damage to Plaintiff. Compl. at ¶¶ 22, 28.

## D. **Plaintiff Is Entitled to Statutory Damages of $250,000.00 Based on Defendant's Willful Infringement of Its Trademarks**

Section 1117 of the Lanham Act allows a plaintiff to elect either statutory damages or actual damages for trademark infringement. 15 U.S.C. § 1117. Plaintiff elects statutory damages. Since Defendant acted willfully, Plaintiff is entitled to increased statutory damages awards of up to One Million Dollars per counterfeit mark per type of goods or services sold, offered for sale, or distributed. 17 U.S.C. § 1117(c)(2). Thus, Plaintiff is seeking a reasonable award under the Lanham Act of Two Hundred Fifty Thousand Dollars ($250,000.00) for the willful infringement of its trademarks by Defendant.

### 1. **Defendant's Conduct Was Willful**

Defendant has elected not to defend this case and dispute any of Plaintiff's allegations in the Complaint. Thus, in light of Defendant's default, his willfulness as pled in the Complaint is

admitted.

Willful infringement carries a connotation of deliberate intent to deceive. Courts generally apply forceful labels such as "deliberate," "false," "misleading," or "fraudulent" to conduct that meets this standard. <u>Lindy Pen Co. v. Bic Pen Co.</u>, 982 F.2d 1400, 1406 (9th Cir. 1993). Here, Plaintiff has alleged in its Complaint, Defendant's willfulness. Compl. at ¶¶ 1, 4, 20, 26.

### 2. Defendant Willfully Infringed Upon Adobe's Trademarks

Adobe's ownership of Adobe's Trademarks cannot be disputed. Compl. at ¶¶ 9-11; Stickle Decl. at ¶ 3, Ex. E; Drey Decl. at ¶ 8. In any event, Adobe's ownership of these trademarks is uncontested as a result of Defendant's default. Adobe's Trademarks were duplicated in the Defendant's counterfeit merchandise. Compl. at ¶ 16; Johnson Decl. at ¶ 6, Ex. D; Stickle Decl. at ¶ 4. This evidence indicates Defendant's infringement of Adobe's Trademarks by systematically selling unauthorized product incorporating Adobe's Trademarks. Further, Plaintiff is seeking to recover from only a partial trademark list from that alleged in the Complaint and from those appearing on Defendant's counterfeit merchandise and has elected not to pursue statutory damages under the Copyright Act despite ability to do so. Thus, Plaintiff is entitled to the reasonable award requested.

### 3. Plaintiff Is Entitled to $50,000.00 for Each of Five Trademarks Based on Defendant's Willful Counterfeiting of Its Trademarks

Plaintiff seeks Fifty Thousand Dollars ($50,000.00) per trademark for a total of Two Hundred Fifty Thousand Dollars ($250,000.00) for Defendant's infringement despite there existing cause for recovery based on more trademarks and other copyrights.[2] This is well within the statutory limits provided for pursuant to the Lanham Act and within the limits applicable to acts of innocent infringement. This amount is properly awarded given (i) Defendant's willful conduct; and (ii) Defendant's blithe disregard for the process of this Court.

---

[2] Despite Defendant's lack of response to Plaintiff's enforcement of its rights and all allegations in the Complaint deemed true based on Defendant's default, Complaint lists a number of valid trademarks and even more copyright registrations, while here, Plaintiff is seeking recovery based on only five of the trademarks, further evidencing the reasonableness of Plaintiff's statutory damages request.

Section 1117(c) provides, in pertinent part:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of title 15) in connection with the sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subjection (a) of this section, an award of statutory damages for any such use in connection with the sale, or distribution of goods or services in the amount of-
>
>> (1) not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>>
>> (2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c)(1)-(2).

In determining such an award, the Plaintiff must establish that:

(1) Defendant intentionally used a counterfeit mark[3] in commerce- defining "counterfeit mark" as, an identical, non-genuine mark, in use by Plaintiff and registered in the same class of goods complained of without Plaintiff's prior authorization;

(2) Knowing the mark was counterfeit;

(3) In connection with the sale, offering for sale, or distribution of goods; and

(4) Its use was likely to confuse or deceive.

State of Idaho Potato Commission v. G &T Terminal Packaging, Inc., 425 F.3d 708, 721 (9th Cir. 2005).

As complained of in the Complaint, Defendant's use constituted counterfeiting as he used

---

[3] Section 15 U.S.C. 1117 (c) refers to the definition in 15 U.S.C. § 1116 (d)(1)(B) as one that "is registered on the principal register in the United States Patent and Trademark Office for such foods or services sold, offered for sale, or distributed and that is in use, whether or not the person against whom relief is sought knew such mark was so registered."

identical, non-genuine marks of marks already in use and registered in the proper class of goods by Plaintiff, on goods that were likely to cause confusion or deception to the consuming public with knowledge. Compl. ¶¶ 1, 3, 14-18, 25-29.

If this Court were to award Plaintiff only minimal damages, then Defendant in this action, as well as future defendants, would be encouraged to ignore any legal actions taken by Plaintiff against them. The granting of the requested statutory damage award at this time will act to deter Defendant (and others) from violating Plaintiff's trademarks and otherwise violating Plaintiff's rights with relative impunity.

Defendant has chosen to permit the entry of his default. Because of Defendant's default, Plaintiff has no effective choice but to seek an award of statutory damages. Based upon a portion of Defendant's systematic, willful and felonious acts, Plaintiff is entitled to an award of statutory damages of Two Hundred Fifty Thousand Dollars ($250,000.00) against Defendant.

**E.    Plaintiff Is Entitled to Interest on the Judgment**

Plaintiff is entitled to post-judgment interest. "Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Post-judgment interest shall be calculated pursuant to the statutory rate based upon date of entry of the judgment. Id.; Carte Blanche (Singapore) Pte. v. Carte Blanche International, 888 F.2d 260, 269 (2d Cir. 1989).

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff respectfully requests that it be awarded permanent injunctive relief enjoining Defendant from further violation of its rights. In addition, Plaintiff requests Judgment in its favor in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00) in Lanham Act statutory damages and post judgment interest.

DATED: September 11, 2008          J. Andrew Coombs, A Professional Corp.


By: _Nicole L Drey_
      J. Andrew Coombs
      Nicole L. Drey
      Attorneys for Plaintiff Adobe Systems Incorporated

## DECLARATION OF CHRISTOPHER D. JOHNSON

I, CHRISTOPHER D. JOHNSON, declare as follows:

1.    I am an attorney duly admitted to practice before the courts of the Central District of California. I am the owner and principal of Effective Piracy Enforcement, Inc. ("EPE"). Except as otherwise stated, I have personal knowledge of the facts set forth herein and, if called as a witness, I would testify as follows.

2.    I served as an Assistant United States Attorney in the Central District of California for fourteen (14) years, including the Computer Crimes and Intellectual Property Enforcement Unit. During my employment as an AUSA, a significant portion of my time was spent prosecuting defendants charged with criminal violations of the Copyright Act. I was also employed as Vice-President for Anti-Piracy by The Walt Disney Company.

3.    On or about January 11, 2008, I reviewed some auctions posted by an eBay user identified under the ID "nachuri1." On or about that same date, I engaged in a transaction with "nachuri1" for a copy of Adobe Photoshop CS3, which was advertised as "ADOBE PHOTOSHOP CS3 NIB – FULL RETAIL WITH BONUS VIDEO." A true and correct copy of the eBay listing for "ADOBE PHOTOSHOP CS3 NIB – FULL RETAIL WITH BONUS VIDEO" is attached hereto as Exhibit A.

4.    I placed the winning bid of $285.00 for "ADOBE PHOTOSHOP CS3 NIB – FULL RETAIL WITH BONUS VIDEO" and payment through PayPal was sent to eBay seller "nachuri1," identified by eBay and/or PayPal as "ascendancygroup.com," with an email address of "cecain@si.rr.com." True and correct redacted copies of the printouts confirming my successful bid and payment for "ADOBE PHOTOSHOP CS3 NIB – FULL RETAIL WITH BONUS VIDEO" are attached hereto as Exhibit B.

5.    On or about March 20, 2008, I received a package pursuant to the "ADOBE PHTOOSHOP CS3 NIB – FULL RETAIL WITH BONUS VIDEO" order. The return address on the package was "Ascendancygroup.com, 89 Davis Ave, Staten Island NY 10310." Also included in the package was an invoice with the following company information: "Nach Uri & Co.LLC, 89 Davis Avenue, Staten Island NY 10310; Phone: 347-682-4055; Fax: 718-524-7483; Email: cecain@nachuri.com." True and correct copies of the redacted shipping label and invoice are attached hereto as Exhibit C.

6.    The package contained a total of one disc labeled "ADOBE PHOTOSHOP CS3" and another labeled "ADOBE CREATIVE SUITE 3" with packaging labeled with Adobe's

trademarks. True and correct copies of pictures of the discs and their packaging I received from "nachuri1" are attached hereto as Exhibit D. The discs and their packaging were then forwarded to Adobe Systems Incorporated.

7.     I also conducted Internet research into the return address of the package which was traced back to a Christopher Cain.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 9th day of September, 2008, at Los Angeles, California.

CHRISTOPHER D. JOHNSON

## DECLARATION OF CHRIS STICKLE

I, Chris Stickle, declare as follows:

1.     I am employed by Adobe Systems incorporated ("Adobe") as its Enforcement Manager, Anti-Piracy.  I have been employed by Adobe since 2005 and have had various responsibilities with respect to Adobe's intellectual properties since that time including those relating to the protection of Adobe's extensive portfolio of copyrights and trademarks.  I submit this Declaration in support of Adobe's Motion for Entry of Default Judgment in the matter captioned <u>Adobe Systems Incorporated v. Christopher Cain, et al.</u>  Except as otherwise stated herein or as the context may otherwise indicate, I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify under oath as follows.

2.     Significant aspects of Adobe's business include the merchandising and licensing of computer software products.  Adobe's cutting edge products include without limitation, Adobe Photoshop CS3 and Adobe Create Suite 3 (collectively "Adobe's Software").  Through the expenditure of significant effort and substantial amounts in advertising, Adobe has developed and promoted the use of Adobe's Software to deliver superior programs to its customers, trusted by millions of people worldwide.

3.     Adobe is the successor-in-interest to and exclusive owner in the United States of all copyrights, trademarks, trade dress and other proprietary in and to Adobe's Software including the following:

| Trademark | Registration Number | Date of Registration |
|---|---|---|
| A | 3032288 | 12/20/2005 |
| A | 2081343 | 07/22/1997 |
| A | 1998710 | 07/23/1996 |
| A ADOBE | 1901149 | 06/20/1995 |
| ADOBE | 3029061 | 12/13/2005 |
| ADOBE | 1988712 | 07/23/1996 |
| ADOBE | 1956216 | 02/13/1996 |

| ADOBE | 1475793 | 02/09/1988 |
| ADOBE | 1486895 | 05/03/1988 |
| ADOBE PHOTOSHOP | 1651380 | 07/23/1991 |
| CREATIVE SUITE | 3111341 | 07/04/2006 |
| PHOTOSHOP | 2920764 | 01/25/2005 |
| PHOTOSHOP | 1850242 | 08/16/1994 |

True and correct copies of printouts showing ownership of the trademark registrations listed above are collectively attached hereto as Exhibit E. The appearance and other features of Adobe's Software are inherently distinctive and serve to identify Adobe as the source of products bearing Adobe's trademarks and using Adobe's copyrights.

    4.      In connection therewith, I examined the discs and packaging for authenticity that I am informed and believe were purchased by EPE from "nachuri1". True and correct illustrations of the product and packaging reviewed are attached hereto as Exhibit D to the Declaration of Christopher D. Johnson. This product was determined to be counterfeit.

    5.      The counterfeit merchandise recreates various of Adobe's intellectual properties. This merchandise directly competes with similar products distributed and offered for sale by Adobe and its authorized licensees. Unauthorized merchandise which depicts Adobe's intellectual properties could mislead the consuming public into believing that they are buying authorized Adobe product which has met Adobe's rigorous standards. Adobe's reputation and goodwill is irreparably harmed as a result of sales of Defendants' inferior product.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed this 11th day of September, 2008, at San Francisco, California.

                               CHRIS STICKLE

# DECLARATION OF NICOLE L. DREY

I, NICOLE L. DREY, declare as follows:

1.      I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Northern District of California. I am an attorney for Plaintiff Adobe Systems Incorporated ("Plaintiff"), in an action styled Adobe Systems Incorporated v. Christopher Cain, et al. I make this Declaration in support of Plaintiff's request for Default Judgment against Defendant Christopher Cain, an individual and d/b/a www.ascendancygroup.com ("Defendant"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2.      On or about May 12, 2008, Plaintiff filed its Complaint. I am informed and believe that, on or about June 5, 2008, Defendant was served with the Summons and Complaint.

3.      I am informed and believe that, on or about July 8, 2008, my office filed the Proof of Service with the Court.

4.      On or about July 16, 2008, Defendant first contacted my office. Thereafter the Parties discussed the documentation that would be needed to engage in meaningful settlement negotiations, but Defendant has failed to produce any of the necessary disclosures. I am informed and believe that the last communication received from Defendant, despite several follow up attempts, was on or about July 16, 2008. I am informed and believe that Defendant has not filed a responsive pleading or otherwise appeared in this action.

5.      I am informed and believe that, on or about August 4, 2008, my office filed a Request for Entry of Default with the Court. On or about August 6, 2008, the Clerk entered default against Defendant.

6.      I am informed and believe that Defendant is not an infant or incompetent person.

7.      I am informed and believe that Defendant is not currently serving in the military.

8.      I request, pursuant to Federal Rules of Evidence, Rule 201(b) that the Court take judicial notice of copies of the Adobe registrations mentioned in the Declaration of Chris Stickle which have been attached hereto as Exhibit E.

9.      On or about September 5, 2008, the Court entered a notice of Mail Returned, noting that certified mail sent to Defendant was returned as undeliverable. I am informed and believe that, as of September 10, 2008, Plaintiff has not received any of its mailings to Defendant returned as undeliverable.

1

10.     I am informed and believe (and as reflected on proofs of service attached to the moving papers), that the Notice of Motion and supporting papers were served on the Defendant where service of process was effected, on September 11, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 11th day of September, 2008, in Glendale, California.

_____
NICOLE L. DREY

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Boulevard, Suite 202, Glendale, California 91206.

On September 11, 2008, I served on the interested parties in this action with the:

- **NOTICE AND MOTION FOR ENTRY OF DEFAULT JUDGMENT; DECLARATIONS AND EXHIBITS IN SUPPORT**

- **[PROPOSED] ORDER**

- **[PROPOSED] JUDGMENT PURSUANT TO ENTRY OF DEFAULT**

for the following civil action:

<u>Adobe Systems Incorporated v. Christopher Cain, et al.</u>

by placing a true copy thereof in a sealed envelope. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California in the ordinary course of business. I am aware that on motion of the party served, service presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.

Christopher Cain, an individual and
d/b/a www.ascendancygroup.com
89 Davis Ave.
Staten Island, NY 10310

Place of Mailing: Glendale, California
Executed on September 11, 2008, at Glendale, California

Nicole L Drey
Nicole L Drey