E-FILED on    11/21/2008

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ADOBE SYSTEMS INCORPORATED,<br><br>    Plaintiff,<br><br>      v.<br><br>CHRISTOPHER CAIN, an individual and d/b/a www.ascendancygroup.com, et al.,<br><br>    Defendants. | No. 5:08-cv-02435 RMW<br><br>JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST CHRISTOPHER CAIN<br><br>**[Re Docket No. 17]** |

For the reasons stated in the accompanying order granting plaintiff's motion for default judgment and permanent injunction, the court finds the following facts and conclusions of law pursuant to Fed. R. Civ. P. 52(a) and orders as follows:

(1)     This court has jurisdiction over the parties in this action and over the subject matter hereof pursuant to 15 U.S.C. § 1051 *et seq.*, 28 U.S.C. §§ 1331 and 1338, and 28 U.S.C. § 1367. Service of process was properly made on the defendant.

(2) Plaintiff is the owner of all rights in and to certain trademark registrations including, but not limited to, the trademarks listed below (collectively "plaintiff's trademarks"):

  (1) 1475793 "(ADOBE)";

  (2) 2920764 "(PHOTOSHOP)";

  (3) 3111341 "(CREATIVE SUITE)";

  (4) 2081343 "(A)"; and

  (5) 1482233 "(ADOBE SYSTEMS INCORPORATED)."

(3) Plaintiff has complied in all respects with the laws governing trademarks and secured the exclusive rights and privileges in and to plaintiff's trademarks.

(4) Defendant engages in the unauthorized business of importing, distributing, promoting, selling and/or offering for sale unauthorized counterfeit merchandise featuring plaintiff's trademarks ("counterfeit product").

(5) Defendant's importing, advertising, displaying, promoting, marketing, distributing, providing, offering for sale and selling of the counterfeit product was engaged in willfully and intentionally, without leave or license from plaintiff, in violation of plaintiff's rights in and to plaintiff's trademarks. The devices, emblems, and artwork on the counterfeit product are not only "confusingly similar" to plaintiff's trademarks, they are almost identical.

(6) Defendant Christopher Cain, his directors, principals, officers, agents, servants, employees, representatives, successors, and assigns, and all those acting in concert or participation with him shall be, and hereby are, PERMANENTLY ENJOINED and restrained from:

 (a) Infringing, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, distributing, advertising, selling and/or offering for sale any merchandise now and hereafter protected by Adobe's registered trademarks and service marks, including, but not limited to, the above listed trademarks.

 (b) Importing, manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of plaintiff's trademarks;

     (c)    Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, the defendant's customers and/or members of the public to believe, the actions of defendant, the products sold by defendant, or the defendant himself is connected with plaintiff, is sponsored, approved or licensed by plaintiff, or is affiliated with plaintiff; and

     (d)    Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale and other use of any goods or services, a false description or representation, including works or other symbols, tending to falsely describe or represent such goods as being those of plaintiff.

     (7)    Defendant is ordered to deliver for destruction all counterfeit products, and any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of plaintiff's trademarks and any labels, signs, prints, packages, dyes, wrappers, receptacles, and advertisements relating thereto in their possession or under their control bearing any of plaintiff's trademarks or any simulation, reproduction, counterfeit, copy or colorable imitations thereof, and all plates, molds, heat transfers, screens, matrices, and other means of making the same.

     (8)    Defendant is ordered to pay damages to plaintiff pursuant to 15 U.S.C. § 1117 in the sum of five thousand dollars ($5,000.00).

     (9)    Defendant is ordered to pay interest on the principal amount of the judgment to plaintiff at the statutory rate pursuant to 28 U.S.C. § 1961(a).

Final judgment is hereby entered in favor of plaintiff and against defendant. The clerk shall close the file.

IT IS SO ORDERED.

DATED:    11/19/2008                                                    
RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

J. Andrew Coombs          andy@coombspc.com
Nicole L. Drey            nicole@coombspc.com

**Defendants:**

(no appearances)

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** _____11/21/08_____    _____TSF_____

                                                                                            **Chambers of Judge Whyte**